Seward, J. (orally).
This is a proceeding in error brought to reverse the judgment of the probate court of this county. Garrison was arrested and tried upon a charge of being in a state of intoxication in the village of Utica. The case was tried to a jury. The first jury disagreed. It was subsequently tried to another jury, under protest of Garrison, and that jury found Garrison guilty, as charged in the information.
There are twelve assignments of error. I have considered all of them, but I only refer to those which counsel referred to in their brief. The court considers that those matters to which they refer, they consider of importance, and that the others they do not consider very important. The matters considered were:
That the court erred in discharging the jury at the first trial without the defendant’s consent.
That the court erred in passing sentence at a subsequent term to that at which the trial was had.
Counsel for plaintiff in error cite the court to 6 Ohio, 399; 14 Ohio, 295; 3 O. S., 320; 12 O. S., 214; 14 O. S., 494; 15 O..S., 155; 24 O. S., 134, and 42 O. S., 383. The court has examined all of these authorities.
*78 If the jury is unable to agree, it is certainly within the province of the court to discharge them. The 3d O. S., 229, holds:
“Where a court, -in á criminal case, after a jury have retired to consult on their verdict, discharges them without the assent of the prisoner, and without the existence of a cause for which they might lawfully be discharged, the prisoner can not be again tried for the same offense. ’ ’
The court will not take the time to refer to that authority further.
The 14th O. S., 494, holds:
“A discharge without reason and without the consent of the prisoner might be fatal to another trial; the reason for the discharge ought to appear in the record.”
In the 24th O. S., at page 134:
“The record must show the existence of the necessity for the discharge. The discharge of the jury, without the consent of the defendant, after it has been duly impanneled and sworn, but before verdict, is equivalent to a verdict of acquittal, unless the discharge was ordered in consequence of such necessity as the law’regards as imperative.”
I read from page 134:
“The defendant thereupon moved the court for his discharge from custody, etc., for the reason that he'had been ‘once put in jeopardy under said indictment.’ ” This motion was overruled, and the defendant remanded for trial, etc. Yo this, ruling the-defendant excepted and filed his bill of exceptions. The bill of exceptions shows that the jury, after hearing th.e testimony, arguments of counsel and charge of the court, retired to consider of their verdict at forty-five minutes past 3 o’clock, p. m. in charge of a deputy sheriff. Afterward, about 6 o’clock p. m., of said day, the court adjourned for. the day, having instructed the officer who had the charge of the jury that he might discharge the jury from further consideration of the case at 11 o’clock p. m., of same day, unless a verdict was agreed rtpon by that time. At 11:30 o’clock, the officer being told by 'the jury that they had not agreed, and that there was no prospect of an agreement, discharged them and permitted them to separate finally. The court, or the judge thereof, had no information as to the. *79 condition of the jury, or the probability of an agreement, at the time they were discharged, nor was any other instruction given as to their discharge. The defendant and his counsel had no knowledge of the instruction given by the court to the officer, nor did either of them consent to the discharge of the jury. At the session of the court on the following day, an entry showing the discharge of the jury was journalized as follows (and I think this is important in view of the entry in this case that the court is now .considering) :
“And having heard the testimony offered by the parties, the arguments of counsel, and the charge of the court, and being fully advised in the premises, after mature deliberation declare that they can not agree upon a verdict in this action. Wherefore, it is ordered that said jurors be discharged. from the further consideration of this ease.”
The court held that the accused had been once in jeopardy, and could not be tried again.
In the 42d Ohio State, 383, the second syllabus reads:
“While a jury in a criminal case may, in certain circumstances, be discharged, and the accused lawfully subjected to another trial, this can only be done where he has consented to the discharge, or been guilty of such fraud in respect to the conduct of the trial as that he was in no real peril, or where there is urgent necessity for the discharge, such as’the death or serious illness of the presiding judge or a juror, the serious illness of the prisoner, the ending of term before verdict, or the inability of the jury to agree, after spending such length of time in deliberation as, in the opinion of the judge, sustained by the facts disclosed in the record, renders it unreasonable and improbable that there can be an agreement. ’ ’
This case holds that there must be a showing in the record as to the reason for the discharge.
In the 5th C. C. Rep., 276:
“Where a defendant on his trial on an indictment charging him with the crime of larceny, has been found guilty by the jury and sentenced by the court, and has prosecuted a proceeding in error to reverse such judgment, and the record shows that on a former trial of the defendant on the same indictment, at a previous term of the court, a jury was duly impanneled and sworn, and the evidence and arguments of counsel heard *80 and the charge of the court given, and that the jury had retired to consider of their verdict and on the same day an entry was placed upon the journal of the court reciting that ‘afterwards came the said jury into open court and state that they are unable to agree ixpon a verdict, whereupon they are by the court discharged from further consideration of this case, and the said case is passed.’ Held: '
“That no sufficient reason, or any reason being shown for the discharge of such jury, and it not appearing that.it was with the consent of the .defendant, or that the question of the necessity for the discharge of the jury had engaged the attention of the-court, or that such order was the result of consideration, that on the record as it stood, the discharge of the jury operated as a discharge of the defendant from further prosecution on such indictment. ’ ’
It might be well to refer to the only entry in this case given as a reason for the discharge of this jury. It does not show whether the jury was out five minutes, or ten minutes, or-ten days, and this is the only entry in this record bearing upon the question of the discharge of this jury: ...
“Nov. 26, 1906. Case came on for trial to jury and after due consideration the jury failed to agree and were discharged, and case continued until January Term, /1907. ”
The court -thinks that this is not a sufficient showing as to why this .jury should be discharged, and this judgment will be reversed.
The court thinks that it.is purely a technical matter, but it comes within the holdings that the court has referred to.